UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
WEIPING CAO,

                            Plaintiff,

            -against-

LANDCO H&L, INC., BUFFALO EB-5
PARTNER CORP., XIAOMEI LU, AND
JINNENG BAO,

                         Defendants.
-------------------------------------------------------------- x

**MEMORANDUM & ORDER**

No. 1:20-cv-01180 (ENV) (RML)

VITALIANO, D.J.

      On July 12, 2022, plaintiff Weiping Cao was ordered to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction. *See* Order to Show Cause (the "Order") (July 12, 2022). Cao responded to the Order on July 15, 2022, Dkt. 72, adhering to her assertion that the Court has diversity jurisdiction over this matter. For her showing in compliance with the Order, Cao relies on her allegations that she is a citizen of China and that defendants Jinneng Bao and Xiaomei Lu are residents and domiciliaries of New York. Dkt. 72 at 1; *see also* Dkt. 29 at ¶ 11.

      Her argument comes up a day late and a dollar short. The mere statement of a party's residence is insufficient for a plausible allegation of a party's citizenship. *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996). Consequently, since Cao makes no further showing, she fails to establish that the Court has subject matter jurisdiction over this case.[1]

---

[1] Accordingly, this Court must also modify its prior summary judgment order, Memorandum & Order (July 8, 2022), Dkt. 71, to vacate judgment against Bao and Lu. *See* Conclusion below.

1

Suggesting that she was more aware that her lawsuit was succumbing to the quicksand demands of diversity jurisdiction than her principal position suggested, Cao seeks, alternatively, to preserve the award of summary judgment she previously won on her contract claims against defendant Landco H&L, Inc. ("Landco"), alleged without contest to be a New York corporation, and to proceed on the remainder of her claims against them by dismissing, without prejudice, her claims against Bao and Lu. Indeed, if proper, the dismissal of Bao and Lu from Cao's lawsuit could preserve diversity jurisdiction over her claims against Landco.

Discussion

The Federal Rules of Civil Procedure do offer a path to the end Cao seeks. Rule 21 permits a federal court, in its discretion, to "salvage [subject matter] jurisdiction by removing . . . a dispensable non-diverse party from a suit." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 334 (2d Cir. 2006) (quoting *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 330 (2d Cir. 2001)); *see also Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989), *superseded by statute on other grounds as recognized in Singh v. Daimler-Benz AG,* 9 F.3d 303, 311 (3d Cir. 1993) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."). Whether a party is "indispensable," that is, whether a particular lawsuit must be dismissed in the absence of that party, is a context-specific inquiry guided by the factors set forth in Federal Rule of Civil Procedure 19(b). Those factors include: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in

the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." It is the path Cao elects to follow.

  Cao contends that neither Bao nor Lu is an indispensable party, and that salvaging jurisdiction by dismissing both is appropriate. Succinctly stated, the totality of the circumstances here compellingly supports Cao's argument. Among those compelling circumstances is the conclusion that the dismissal of Bao and Lu is unlikely to negatively impact their interests or the interests of the remaining defendants. In fact, given plaintiff's allegations that Bao and Lu were acting, in all relevant respects, on behalf of the corporations, their interests are neatly aligned with those of the company defendants, all of whom are represented by the same counsel. *See Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 134 (2d Cir. 2013) ("[P]rejudice to absent parties approaches the vanishing point when the remaining parties are represented by the same counsel, and when the absent and remaining parties' interests are aligned in all respects"). Moreover, as personal guarantors of the loan agreement between Cao and Landco, Bao and Lu would likely be found jointly and severally liable for any exposure Landco may have for its breach of its contract with Cao. In harmony with that principle of law, it is certainly well established that one of several joint obligors is generally "not an indispensable party to an action against the others." *See Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002) (collecting cases).[2] Consequently, applying the Rule 19(b) factors on this record, it is obvious beyond doubt that defendants Jinneng Bao and Xiaomei Lu are not

---

[2] Although Cao may certainly be able to sue all defendants to this action in state court, "the bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action." *Samaha v. Presbyterian Hosp. in City of N.Y.*, 757 F.2d 529, 531 (2d Cir. 1985) (per curiam). Forcing Cao to an alternative forum is especially inappropriate here, given that her breach of contract claim against Landco has now been fully adjudicated as to liability. Memorandum & Order (July 8, 2022), Dkt. 71. *See United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 168, 170 (2d Cir. 2003).

3

indispensable parties, and that dismissing them from the action in order to salvage diversity jurisdiction is appropriate, and these claims are dismissed without prejudice for want of subject matter jurisdiction.

The dismissal of Bao and Lu from the action as originally filed by Cao works a game-changing spillover impact on the parameters of this litigation, radically changing them from what they were when Magistrate Judge Robert M. Levy granted the application of Qingtian Yang to intervene on March 8, 2021. Minute Entry re Motion Hearing re Motion to Intervene (March 8, 2021). In the context of an ongoing litigation especially, the district court has the authority to review the earlier orders of a magistrate judge even sua sponte. *Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985) (district court may review a magistrate judge's order, "*sua sponte* or at the request of a party, under a *de novo* or any other standard"). In light of the changed circumstances occasioned by the Rule 21 dismissal of Bao and Lu from Cao's lawsuit, the Court will, sua sponte, review the order granting Yang's motion to intervene.

With Bao and Lu's dismissal from Cao's action, Yang's complaint shares just two defendants in common with Cao's complaint, yet adds at least an additional five, and potentially up to 15, more defendants.[3] Further distinguishing his complaint from Cao's, Yang asserts four causes of action under the civil RICO statute, 18 U.S.C. §§ 1961 *et seq.*, which are notoriously difficult to plead plausibly and which are rarely successfully pleaded. As such, permitting Yang's intervention would significantly broaden the scope of this case, which could impede Cao's interest in securing relief as soon as possible. *Medina v. Fischer*, No. 11 Civ. 0176, 2013 WL 1294621, at *5 (S.D.N.Y. Mar. 29, 2013), *report and recommendation adopted*, No. 11 Civ.

---

[3] Yang's complaint names—in addition to Landco, Buffalo EB5 Corp., Bao, and Lu—Fang Shu, Liyuan Chen, Xiaohong Lu, Shengming Shi, Kevin Kerveng Tung, P.C., and Does 1 through 10. *See* Intervenor Complaint, Dkt. 28 (March 8, 2021).

176, 2013 WL 3186932 (S.D.N.Y. June 24, 2013); *see also In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (affirming denial of motion for permissive intervention where district court found that intervention would prejudice the rights of the existing parties).

Additionally, while the two complaints similarly assert breach of contract claims, Yang's basis for intervening rests on separate transactions with distinct corporate defendants, and a breach of a wholly different contract than the contract at issue in Cao's complaint, which also counsels against intervention. *See, e.g.*, *Macatra B.V. v. Destiny Navigation*, No. 08 Civ. 0711, 2010 WL 339774, at *2 (S.D.N.Y. Jan. 27, 2010) ("Claims arising out of different contracts, which apply different terms and law, are not related and should not be tried together."). In the context of these changed circumstances, there is little indication that the intervention of Yang would contribute to the development or adjudication of the issues in the lawsuit filed by Cao. *See H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (Courts consider "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit.") (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). Accordingly, upon de novo review, the Court finds that this order granting Cao's motion under Rule 21 so changes the circumstances and parameters of the litigation from what they were when Judge Levy considered and permitted intervention, the order granting intervention should be vacated and Yang's motion to intervene denied.

## Conclusion

In line with the foregoing, defendants Jinneng Bao and Xiaomei Lu are dismissed as defendants in the action brought by Weiping Cao for want of subject matter jurisdiction. The Court's Memorandum & Order (July 8, 2022), Dkt. 71, granting summary judgment to Cao on

her breach of personal guaranties claim against Bao and Lu is modified to the extent that the summary judgment awarded to Cao against Bao and Lu is vacated. All claims brought by Cao against Bao and Lu are dismissed without prejudice to their refiling in a court of competent jurisdiction.

Magistrate Judge Levy's order granting Qingtian Yang's motion to intervene in this action is vacated, and Yang's motion to intervene is denied. The claims set forth in his intervenor complaint are dismissed without prejudice to their refiling in a court of competent jurisdiction.

The parties remaining in the action originally filed by Cao are directed to contact Magistrate Judge Robert M. Levy for continued pre-trial management of this action.

So Ordered.

Dated:   August 25, 2022
         Brooklyn, New York

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge